United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBA LEE FRELIMO,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN DERRAL ADAMS,<br><br>    Respondent.<br>_____ | No. C 08-1505 MMC (PR)<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket Nos. 5 & 6)** |

On March 6, 2008, petitioner, a California prisoner proceeding pro se, filed, in the United States District Court for the Eastern District of California, the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 10, 2008, the Eastern District transferred the action to the Northern District, where it was assigned to the undersigned. For the reasons set forth below, the Court finds the petition is subject to dismissal because petitioner has not sought or obtained authorization to file a second or successive petition under 28 U.S.C. § 2244(b)(3).

**BACKGROUND**

On May 5, 1994, in the Superior Court of San Francisco County, petitioner pleaded guilty to second degree murder. He was sentenced to a term of fifteen years to life in state prison.

Thereafter, petitioner filed in this district a habeas corpus petition challenging the 1994 conviction, see Frelimo v. White, C 97-0215 MMC (PR), and, on October 8, 1998, the

Court denied the petition on the merits, (see id. Docket No. 11).

By the instant petition, petitioner challenges the validity of the 1994 conviction on the grounds his conviction was obtained in violation of the prohibition against double jeopardy and that he was denied effective assistance of counsel.

## DISCUSSION

Where a claim presented in a second or successive habeas corpus petition under 28 U.S.C. § 2254 has been presented in a prior petition, such claim must be dismissed. 28 U.S.C. § 2244(b)(1). Where a claim presented in a second or successive habeas corpus petition under § 2254 has not been presented in a prior petition, such claim likewise must be dismissed, unless: (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. Id. § 2244(b)(2). Before a second or successive habeas petition may be filed in the district court, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider the petition. Id. § 2244(b)(3)(A).

The instant petition presents claims challenging the 1994 conviction that was the subject of petitioner's prior federal habeas corpus petition. Consequently, petitioner may not proceed with such claims until he has sought or obtained an order from the Ninth Circuit Court of Appeals, authorizing him to file a second or successive petition in the district court. Accordingly, the instant petition will be dismissed without prejudice to petitioner's refiling the petition if he obtains the necessary order.[1]

---

[1] Petitioner has filed a motion for appointment of counsel to represent him in the instant action. Because the petition is subject to dismissal, the motion for appointment of counsel is hereby DENIED as moot. (Docket No. 5.)

**CONCLUSION**

For the reasons stated above, the petition is hereby DISMISSED, without prejudice, as a second or second successive petition under 28 U.S.C. § 2244(b).

In light of petitioner's lack of funds, the application to proceed in forma pauperis is hereby GRANTED.

This order terminates Docket Nos. 5 and 6.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: September 22, 2008

_____
MAXINE M. CHESNEY
United States District Judge